Defendant-appellant James J. Maass appeals from the decision of the Mahoning County Common Pleas Court which awarded prejudgment interest in favor of plaintiff-appellee Lacey Dru Maass. For the following reasons, the award of prejudgment interest is affirmed.
On September 24, 1993, appellant and appellee, who later married, were cooking dinner at the home of appellant's father. A small grease fire ignited in a pan of oil. In appellant's rush to throw the flaming pan out of the house, appellee was knocked down the basement stairs, incurring injury. On October 4, 1993, appellee submitted proof of her claim to Nationwide Mutual Fire Insurance Company, the insurer of the home in which appellee was injured. Said insurer responded by opining that appellant was not legally responsible for appellee's injuries.
In February 1995, appellee filed a complaint against appellant alleging that his negligence caused her to incur medical bills and pain and suffering. The case was submitted to arbitration, after which the arbitrator's report found in favor of appellee in the amount of $15,400. This report was appealed, the case unsuccessfully went through mediation and then a jury trial was held. The jury found appellee's damages to be $7,457.58, with each party being equally negligent. Judgment was entered in favor of appellee on July 7, 1998. Satisfaction of judgment was then entered in the amount of $3,728.50, representing appellant's responsibility for half of appellee's damages.
On July 20, 1998, appellee filed a timely motion for prejudgment interest alleging that appellant failed to make a good faith effort to settle the case in accordance with R.C.1343.03(C). Thereafter, a prejudgment interest hearing was held. On September 30, 1998, the court granted prejudgment interest in the amount of $2,139, which represents interest on appellant's portion of the damage award as accumulated since October 4, 1993. The within timely appeal resulted.
Appellant's sole assignment of error contends:
 "THE TRIAL JUDGE MISUNDERSTOOD THE LAW AND THE ARGUMENT OF COUNSEL FOR THE DEFENDANT AND ABUSED ITS DISCRETION IN GRANTING PREJUDGMENT INTEREST."
After judgment is rendered in a suit, an award of prejudgment interest is available under R.C. 1343.03, which provides in pertinent part:
 "(C) Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."[1]
Prejudgment interest on an award for a contract claim is governed by R.C. 1343.03(A) and, therefore, does not require proof that the defendant "failed to make a good faith effort to settle." Landis v. Grange Mutual Ins. Co. (1998), 82 Ohio St.3d 339
(holding that a suit against an underinsured motorist carrier is not based upon tortious conduct but is based upon a contract). On the other hand, prejudgment interest on an award that is based upon tortious conduct is governed by R.C. 1343.03(C) and does require proof that the defendant "failed to make a good faith effort to settle." Id. at 341. See, also, Wagner v. MidwesternIndem. Co. (1998), 83 Ohio St.3d 287, 297, fn. 2 (remanding a case and ordering the trial court to use R.C. 1343.03(A) to calculate the interest on the contract award and to use R.C.1343.03(C) to calculate the interest on the tort award).
The case at bar is a negligence action. Therefore, it is based upon tortious conduct and is governed by R.C. 1343.03(C). There are four steps to be followed before prejudgment interest can be awarded under this section: (1) the movant must file a timely petition for prejudgment interest; (2) the court must hold a hearing; (3) the court must find that the nonmovant failed to make a good faith effort to settle; and (4) the court must find that the movant did not fail to make a good faith effort to settle. Moskovitz v. Mount Sinai Med. Ctr. (1994), 69 Ohio St.3d 638,658.
Appellant only disputes the third step, arguing that he did not fail to make a good faith effort to settle the case because he objectively believed that he was not liable. Appellant cites toKalain v. Smith (1986), 25 Ohio St.3d 157, where the Court opined that a good faith effort to settle does not require parties in all cases to make monetary settlement offers. Id. at 159-160 (stating that if the facts indicate that the defendant had a reasonable, good faith belief that he had no liability, then that defendant has no duty to make a settlement offer). However, the Supreme Court later cautioned that the aforementioned portion of the Kalain holding should be strictly construed. Galayda v. LakeHosp. Syst., Inc. (1994), 71 Ohio St.3d 421, 429; Moskovitz,supra at 658-659.
Moskovitz is analogous to the case at bar. The defendant inMoskovitz failed to make a settlement offer. He argued that he did not fail to make a good faith effort to settle because he had a good faith, objectively reasonable belief that he was not liable to the plaintiff. The trial court agreed and refused to award prejudgment interest. However, the Supreme Court reversed and held that the trial court abused its discretion when it failed to award prejudgment interest. Id. at 664. The Court pointed out that the defendant never made any offer to settle.Id. The Court also stated that even if the defendant originally had a good faith, objectively reasonable belief that he had no liability, the fact an arbitration panel ruled against the defendant put him on notice that liability was possible, if not probable. Id.
In the case at bar, the trial court correctly stated that it need not find bad faith by appellant before awarding prejudgment interest to appellee. Instead of bad faith, the court was required to find that appellant failed to make a good faith effort to settle. See Moskovitz, supra at 659 (holding that failure to make a good faith effort to settle is not synonymous with bad faith). In making this determination, the court may have to decide whether the defendant possessed a reasonable, good faith belief that he was not liable. Kalain, supra as restricted by Moskovitz. Whether a good faith effort to settle was made, or whether a good faith belief of nonliability exists, is an issue that is within the sound discretion of the trial court. Wagner,supra at 292; Moskovitz, supra at 664. Therefore, such a decision shall not be reversed absent an abuse of discretion.
Firstly, we note that appellant did not submit a transcript from the jury trial. Part of the trial court's determination with regards to whether appellant had a good faith, objectively reasonable belief that he was not liable would inevitably be based upon factual evidence presented at trial. Without a transcript from the jury trial, we presume the regularity of the trial court's proceedings. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. This creates a reluctance by this court to find that the trial court abused its discretion. Moreover, appellant never once offered to settle, even after an arbitrator found in favor of appellee in the amount of $15,400. FollowingMoskovitz, the arbitrator's decision should have acted as a signal that some kind of settlement offer was appropriate. Nonetheless, from the time appellee submitted her claim to the time of final judgment, four and one-half years, appellant refused to engage in settlement negotiations. Accordingly, we cannot say that a determination that appellant failed to make a good faith effort to settle is unreasonable, arbitrary or unconscionable so as to constitute an abuse of discretion.
For the foregoing reasons, the trial court's judgment is affirmed.
DONOFRIO, J. concurs, and WAITE, J., concurs.
 APPROVED: _____________________________ JOSEPH J. VUKOVICH, JUDGE
[1] Although this statute was amended effective January 27, 1997 by Am.Sub.H.B. No. 350, such amendments only applied to actions commenced on or after said effective date. This action was commenced in February 1995, well before the effective date of the amendments. Thus, the version quoted above is the proper one. As an aside, the amendments are now void as a result of a Supreme Court holding which held Am.Sub.H.B. No. 350 unconstitutional intoto. State ex rel. Ohio Academy of Trial Lawyers v. Sheward
(1999), 86 Ohio St.3d 451.